NOTICE

Decision filed 07/14/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240844-U

NO. 5-24-0844

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Wabash County. |
| | ) | |
| v. | ) | No. 22-CF-101 |
| | ) | |
| ALEXANDER KNOTTS, | ) | Honorable |
| | ) | William C. Hudson, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Justices Boie and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court properly dismissed the defendant's postconviction petition at the first stage because the petition failed to allege an arguable claim of ineffective assistance of plea counsel.

¶ 2                                    I. BACKGROUND

¶ 3    The defendant, Alexander J. Knotts, was charged by information with five counts of child pornography (720 ILCS 5/11-20.1(a)(2) (West 2022)) arising from allegations that he disseminated child pornography through the Kik messaging application. The State filed an amended information adding count VI, which alleged the defendant knowingly failed to register an internet communication identity as required by the Sex Offender Registration Act. 730 ILCS 150/3(a), 10 (West 2022).

1

¶ 4     During pretrial proceedings, the defendant moved for a bond reduction. Defense counsel argued that the defendant's $750,000 bond was excessive in light of the defendant's personal circumstances and a medical condition that required continuing treatment while incarcerated. The State opposed the request, emphasizing the seriousness of the pending Class X offenses, the defendant's criminal history, and concerns regarding public safety. After hearing the parties' arguments, the circuit court reduced the defendant's bond to $200,000 and ordered that any release remain subject to pretrial supervision.

¶ 5     At a September 11, 2023, pretrial hearing, defense counsel advised the court that the parties had reached the framework of a negotiated resolution but that the defendant wished to obtain a psychological evaluation before finalizing the matter. At the defendant's request, the circuit court vacated the previously scheduled jury trial and reset the case for a plea hearing.

¶ 6     On November 28, 2023, the defendant appeared with counsel and entered a partially negotiated guilty plea. Under the agreement, the defendant pleaded guilty to counts I, II, III, and VI. In exchange, the State agreed to dismiss counts IV and V and cap the defendant's aggregate sentence at 40 years' imprisonment. The parties further agreed that the sentencing range would be no less than 18 years' imprisonment and no more than 40 years' imprisonment.

¶ 7     Before accepting the plea, the circuit court questioned the defendant regarding his age, education, physical and mental condition, and ability to understand the proceedings. The defendant advised the court that he was 23 years old, had completed the eighth grade, was not suffering from any physical or mental disability, was not taking medication, and was not under the influence of drugs or alcohol. The defendant also confirmed that he had sufficient opportunity to discuss the case with counsel. The court then advised the defendant of the nature of each charge, the applicable sentencing ranges, the mandatory consecutive nature of the Class X offenses, the negotiated

2

sentencing cap, and the constitutional rights he would waive by pleading guilty. The defendant indicated that he understood those rights, that no one had threatened or forced him to plead guilty, and that no promises had been made other than those contained in the negotiated agreement.

¶ 8    The State then presented the factual basis for the plea. It explained that the investigation originated from a cybertip generated through the Internet Crimes Against Children Task Force after Kik Messenger reported that a user account associated with the defendant had disseminated child sexual abuse material. Pursuant to a search warrant, investigators obtained records from Kik that revealed multiple video files depicting child pornography had been distributed through the account. The State further represented that the defendant, who was required to register as a sex offender based upon a prior juvenile adjudication, registered as a sex offender on August 15, 2022, but failed to disclose the Kik account that he created later that morning. The defendant agreed that the State's witnesses would testify consistently with the factual basis if the matter proceeded to trial. The circuit court found that the defendant's plea was knowingly and voluntarily entered, that it was supported by an adequate factual basis, accepted the plea, and continued the case for a sentencing hearing.

¶ 9    While awaiting sentencing, the State petitioned to revoke the defendant's pretrial release pursuant to section 110-6.2 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.2 (West 2022)). The State alleged that the defendant had violated multiple conditions of his release by possessing internet-capable cellular telephones, using methamphetamine, associating with known drug users, and otherwise engaging in conduct inconsistent with the pretrial release conditions previously imposed. Defense counsel responded that the allegations remained unproven and argued that the defendant had complied with pretrial supervision for nearly a year without

3

attempting to flee. After considering the parties' arguments, the circuit court ordered the defendant detained pending sentencing.

¶ 10　　On February 20, 2024, the circuit court conducted the defendant's sentencing hearing. After hearing the evidence and the parties' arguments in aggravation and mitigation, the court sentenced the defendant to 20 years on count II and 20 years on count III, to be served consecutively, plus a mandatory supervised release term of 3 years to life. Based upon the terms of the plea agreement, the circuit court did not impose a sentence on count I. Immediately following sentencing, the circuit court admonished the defendant concerning the procedures necessary to perfect an appeal from his negotiated guilty plea. As relevant here, the court advised the defendant that, within 30 days, he must file a written motion asking the circuit court either to reconsider his sentence or to vacate the judgment and permit withdrawal of his guilty plea before pursuing an appeal. No postplea motion was filed, and the defendant did not pursue a direct appeal.

¶ 11　　On June 4, 2024, the defendant filed a *pro se* petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). The petition alleged that plea counsel rendered ineffective assistance by failing to preserve the defendant's right to seek postplea relief and appellate review following sentencing. The defendant asserted that, as a result, he was deprived of his constitutional right to the effective assistance of counsel. The circuit court independently reviewed the petition and summarily dismissed it as frivolous and patently without merit pursuant to section 122-2.1(a)(2) of the Act (*id.* § 122-2.1(a)(2)). The defendant filed a timely notice of appeal.

¶ 12　　　　　　　　　　　　　　　II. ANALYSIS

¶ 13　　The Post-Conviction Hearing Act provides a method by which a criminal defendant may assert that his conviction or sentence resulted from a substantial denial of his constitutional rights.

4

*Id.* § 122-1(a)(1); *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). Proceedings under the Act involve three stages. At the first stage, the circuit court independently reviews the petition and determines whether it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2022). A petition is frivolous or patently without merit only if it has no arguable basis either in law or in fact. *Hodges*, 234 Ill. 2d at 16. We review the first-stage summary dismissal of a postconviction petition *de novo*. *Id.* at 9.

¶ 14     The defendant argues that the circuit court erred in summarily dismissing his petition because he stated the gist of a claim that plea counsel rendered ineffective assistance by failing to preserve his right to direct appellate review following his guilty plea. Specifically, the defendant contends counsel failed to file the postplea motion necessary to challenge his conviction and sentence, and that the circuit court's Rule 605(c) admonishments (Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001)) compounded counsel's error by incorrectly advising him that he could seek reconsideration of his sentence following a negotiated plea. The State responds that the defendant's petition failed to allege facts establishing an arguable claim of ineffective assistance and that the record affirmatively rebuts any claim that the defendant was entitled to relief. We agree with the State.

¶ 15     To prevail on a claim of ineffective assistance of counsel, a defendant ordinarily must establish that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). At the first stage of postconviction proceedings, however, a defendant need not prove either element. Rather, the petition need only allege that it is arguable counsel performed deficiently and that it is arguable the defendant suffered prejudice as a result. *Hodges*, 234 Ill. 2d at 17.

¶ 16    The nature of the defendant's guilty plea informs our analysis. Where, as here, a defendant enters a negotiated guilty plea, Rule 604(d) requires the defendant to file a motion to withdraw the guilty plea and vacate the judgment before pursuing an appeal. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). A motion seeking only reconsideration of the sentence is insufficient because the sentence imposed pursuant to a negotiated plea is part of the agreement itself. *People v. Evans*, 174 Ill. 2d 320, 332 (1996); *People v. Flowers*, 208 Ill. 2d 291, 306 (2003). Accordingly, absent the filing of a motion to withdraw the plea and vacate the judgment, appellate review of a negotiated guilty plea is generally unavailable.

¶ 17    Liberally construed, the defendant's petition alleged that plea counsel rendered ineffective assistance by failing to file a postplea motion within 30 days of sentencing, thereby depriving the defendant of direct appellate review. The petition further asserted that the trial court incorrectly advised defendant that he could file a motion to reconsider his sentence following his negotiated plea. Defendant contends these allegations were sufficient to require advancement to second-stage proceedings. We disagree.

¶ 18    Although first-stage petitions are liberally construed, a court may not supply factual allegations that the petitioner himself failed to plead. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). Here, the defendant's petition does not allege that he instructed counsel to file a motion to withdraw his guilty plea, requested that counsel perfect an appeal, or otherwise expressed dissatisfaction with his negotiated plea. Nor does the petition allege that counsel failed to consult with the defendant regarding the advantages and disadvantages of pursuing postplea relief. That distinction is significant.

¶ 19    Because the defendant entered a negotiated guilty plea, counsel could not have challenged the defendant's sentence without first moving to withdraw the plea and vacate the judgment.

6

*Flowers*, 208 Ill. 2d at 306. The defendant's petition does not allege facts from which it could reasonably be inferred that counsel ignored a request to pursue that relief or otherwise abandoned the defendant following sentencing.

¶ 20    The defendant argues that the circuit court's postplea admonishments were misleading because the court advised him that he could file either a motion to reconsider sentence or a motion to withdraw his guilty plea. The defendant maintains that this advisement failed to comply with Illinois Supreme Court Rule 605(c) because, after a negotiated guilty plea, only a motion to withdraw the plea and vacate the judgment preserves issues for appellate review. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017); *Flowers*, 208 Ill. 2d at 306. However, that circumstance does not alter the deficiency of the defendant's petition.

¶ 21    The question before us is not whether the circuit court's admonishments strictly complied with Rule 605(c). Rather, the question is whether the defendant alleged facts stating the gist of an arguable constitutional claim. The defendant did not allege that he relied upon the trial court's admonishments in electing not to pursue postplea relief. Nor did he allege that counsel failed to correct any misunderstanding created by those admonishments. The petition therefore fails to connect the allegedly deficient admonishments to the ineffective-assistance claim the defendant now advances on appeal.

¶ 22    Moreover, the defendant's reliance on *People v. Rogers*, 372 Ill. App. 3d 859 (2007), is misplaced. In *Rogers*, the petition alleged facts supporting the inference that counsel failed to ascertain the defendant's desire to seek postplea relief. Here, the defendant alleged no comparable facts. The petition contains no allegation that the defendant requested an appeal, expressed a desire to withdraw his plea, or otherwise communicated dissatisfaction with the negotiated disposition. Consequently, *Rogers* does not compel advancement of defendant's petition beyond the first stage.

¶ 23 Accepting the defendant's factual allegations as true, and construing the petition liberally, we nevertheless conclude that the defendant failed to allege an arguable claim that plea counsel rendered constitutionally ineffective assistance. Because the petition alleged only that counsel failed to pursue relief that was unavailable following a negotiated guilty plea, the circuit court properly concluded that the petition lacked an arguable basis in law. Accordingly, summary dismissal was proper.

¶ 24 The defendant also contends that the petition should have advanced because counsel's failure to file a postplea motion deprived him of any opportunity to obtain direct appellate review. In support, the defendant relies on *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), and Illinois decisions recognizing that counsel may render ineffective assistance by disregarding a defendant's desire to appeal or by failing to consult with a defendant concerning an appeal under circumstances in which consultation is constitutionally required. See *People v. Ross*, 229 Ill. 2d 255, 271-73 (2008).

¶ 25 Those authorities do not aid the defendant here. *Flores-Ortega* and *Ross* address counsel's constitutional duties when a defendant seeks to pursue an appeal or when counsel has reason to believe that a rational defendant would want to appeal. The petition filed in this case alleges neither circumstance. The defendant did not allege that he requested counsel to file a motion to withdraw his guilty plea, instructed counsel to pursue an appeal, or otherwise communicated a desire to challenge the negotiated disposition. Likewise, the defendant did not allege that counsel failed to consult with him regarding whether postplea relief should be sought. Rather, the petition alleges only that counsel failed to file a motion seeking reconsideration of the defendant's sentence.

¶ 26 At the first stage of postconviction proceedings, courts must liberally construe a *pro se* petition and accept its well-pleaded factual allegations as true unless they are positively rebutted

by the record. *Hodges*, 234 Ill. 2d at 10-11. Liberal construction, however, does not permit a reviewing court to create factual allegations that the petitioner did not include. Doing so would require a court of review to become an advocate. Here, advancing the defendant's petition would require us to infer facts that simply are not alleged—that the defendant wished to withdraw his guilty plea, that counsel knew of that desire, and that counsel nevertheless failed to act. Because those allegations are absent from the petition, they cannot provide a basis to advance the defendant's petition for second-stage proceedings.

¶ 27     Nor does the record support an inference that the defendant sought to challenge the validity of his guilty plea. At the plea hearing, the defendant confirmed that he understood the negotiated agreement, the applicable sentencing range, the constitutional rights he was waiving, and the consequences of pleading guilty. He further acknowledged that he had discussed the case with counsel, that no one had forced or threatened him to plead guilty, and that no promises had been made other than those contained in the plea agreement. Following the State's factual basis, the defendant agreed that the State's witnesses would testify consistently with the proffered evidence if the matter proceeded to trial. The circuit court thereafter found that the defendant's plea was knowingly and voluntarily entered and supported by a factual basis. Nothing alleged in the defendant's postconviction petition arguably undermines those findings.

¶ 28     Accordingly, even accepting the allegations contained in the defendant's petition as true and construing those allegations liberally, we conclude that the defendant failed to allege facts demonstrating that plea counsel rendered arguably deficient performance or that the defendant suffered arguable prejudice as a result. Therefore, the circuit court properly dismissed it as frivolous and patently without merit pursuant to section 122-2.1(a)(2) of the Act.

¶ 29                           III. CONCLUSION

¶ 30    For the above reasons, we affirm the judgment of the circuit court of Wabash County

summarily dismissing the defendant's postconviction petition at the first stage.


¶ 31    Affirmed.